IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-00025-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael Floyd Pittman; Carolina Bath & Kitchen Inc.; Lynn Pittman; Lee Prickett; the Law Firm of Lee Prickett; Melodie Lane; Randy Hornsby; Mark Cain; Doug Dwyer; the Advisory Team of Doug Dwyer; Dreammaker Bath and Kitchen; Worldwide Refinishing; the State of South Carolina; S.C. Attorney General; S.C. Secretary of State; S.C. Office of Disciplinary Counsel; Attorney Pace; the Law Firm of Bryan, Colette, Faris and Pace; Marjorie Morgan; Mellisa Spivey; Randy Skinner; Judge Helen E. Burris; Judge Timothy Madden; the Law Firm for Dreammaker Corporate, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On January 22, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without issuance and service of process and without leave to amend.

ECF No. 8. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections and two letters. ECF Nos. 12, 14, 15.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends summary dismissal of all claims and Defendants. With respect to the State of South Carolina, the South Carolina Attorney General, the South Carolina Secretary of State, and the South Carolina Office of Disciplinary Counsel ("The

2

State of South Carolina Defendants"), the Magistrate Judge recommends dismissal because there are no factual allegations made against them, they are not "persons" subject to suit under § 1983, they are entitled to Eleventh Amendment immunity, and respondeat superior is not available under § 1983.  With respect to Judge Helen E. Burris and Judge Timothy Madden ("the Judicial Defendants"), the Magistrate Judge recommends dismissal because they are entitled to judicial immunity.  With respect to the various attorneys and law firms named, including Attorney Pace; the Bryan, Colette, Faris, and Pace Law Firm; Lee Prickett; the Lee Prickett Law Firm; Mellisa Spivey; Randy Skinner; and the Law Firm for Dreammaker Corporate ("the Attorney Defendants"), the Magistrate Judge recommends dismissal because they are not state actors.  He recommends dismissal of Michael Floyd Pittman; Carolina Bath & Kitchen, Inc.; Lynn Pittman; Melodie Lane; Randy Hornsby; Mark Cain; Doug Dwyer; the Doug Dwyer Advisory Team; Dreammaker Bath and Kitchen Corporate; Worldwide Refinishing; and Marjorie Morgan ("the Private Actor Defendants") because they are not "persons" subject to suit under § 1983 or are not "state actors."  The Magistrate Judge further recommends dismissal because this action is duplicative and pursuant to the *Younger* abstention to the extent any of Plaintiff's claims are related to any pending state court actions.

In his objections, Plaintiff makes various allegations that the rulings or opinions of the Judicial Defendants were or are incorrect.  He contends that "judicial immunity makes a mockery of the entire U.S. Bankruptcy Court."  ECF No. 12 at 3.  He objects to the dismissal of the "State Agencies" and contends that he spoke to various state employees who told him they could not help him and would not enforce the law.  He objects to the

3

dismissal of the Attorney Defendants because he asserts that they have fiduciary responsibilities. He further contends that the State of South Carolina and the South Carolina Bar is complicit in fraud and/or committing criminal fraud. Plaintiff argues that the Private Actor Defendants are liable because they have refused to follow the law. Finally, he contends that this action is not duplicative.

Plaintiff's first letter does not add to his objections. *See* ECF No. 14. Plaintiff's second letter lists three of his pending actions and was filed in each of them. He does not directly address the Report in this case. He styles this letter as a motion but the only clearly requested relief is on page 28 wherein he "demands by this motion accountability." ECF No. 15 at 28. Otherwise, this document provides a detailed timeline of events as Plaintiff remembers them and makes various allegations against Defendants in this action and people not named in this action. He also alleges some claims not brought in this action, including possible conditions of confinement claims. Upon thorough review of this document, the Court is of the firm opinion that none of the allegations impact the disposition of this case. Therefore, the Court declines to consider either letter as a supplement to Plaintiff's objections; however, the undersigned has considered all of Plaintiff's filings in making this ruling. Because Plaintiff filed objections, the Court's review has been de novo.

First, as explained in more detail by the Magistrate Judge, the Judicial Defendants are entitled to judicial immunity because the basis for the allegations against them arises out of the scope of their duties. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (recognizing that judges have absolute immunity from claims for damages arising from

4

their judicial actions). Further, the State of South Carolina Defendants are entitled to summary dismissal because Plaintiff alleges no facts in relation to these Defendants beyond his conclusory allegations that various people working for the State told him they would not help him and would not enforce the laws. These facts are insufficient to state a plausible claim for relief. The State of South Carolina Defendants are not "persons" amenable to suit under § 1983 and, to the extent they are sued in their official capacities for monetary damages, they are entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that neither the state nor its agencies is a "person" within § 1983); *Handy v. York Cnty. Sheriff Dep't*, No. 0:23-CV-5363-SAL, 2024 WL 5362036, at *2 (D.S.C. May 9, 2024) ("As part the state's executive and judicial branches, respectively, the South Carolina Attorney General's Office and York County Court of General Sessions are shielded from liability."). Nor has Plaintiff alleged an official policy or custom that would provide the basis for supervisory liability. *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)) (holding that a municipality is liable for injuries stemming from a deprivation of constitutional rights by only "if [they] cause[d] such a deprivation through an official policy or custom"). Accordingly, Plaintiff's objections with respect to the Judicial and State of South Carolina Defendants are overruled.

The Court now turns to Plaintiff's objections to the recommendation that the Attorney Defendants be dismissed. Plaintiff contends that they owe him a fiduciary duty

5

that they violated.[1]  However, as explained by the Magistrate Judge, they are not state actors and, therefore, are not amenable to suit under § 1983.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (explaining that a claim under § 1983 requires that a plaintiff allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-324 nn.8–16 (1981) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Wilder-Rhodan v. South Carolina*, No. CV 2:23-00771-BHH-MHC, 2023 WL 11959346, at *6 (D.S.C. Aug. 14, 2023) ("These Defendants are attorneys and/or law firms that represented Plaintiff or other parties. Plaintiff has alleged no facts to indicate that these Defendants acted under color of state law."), *Report adopted by* 2024 WL 377992 (D.S.C. Feb. 1, 2024).  As to the Private Actor Defendants, all of these Defendants are private individuals or businesses, neither of which is amenable to suit under § 1983.  *Payne v. CCOH*, C/A No. 6:12-cv-1929-DCN-KFM, 2012 WL 6801387, at *4 (D.S.C. Nov. 28, 2012) ("a South Carolina private business . . . is clearly an inanimate object incapable of qualifying as

---

[1] Plaintiff cannot maintain a claim for ineffective assistance of counsel or for malpractice in a § 1983 action.  *See Wagner v. Obama*, C/A No. 3:13-cv-00708-GRA, 2013 WL 2370526, at *6 (D.S.C. May 29, 2013) (holding that "an attorney, whether retained, court appointed, or a public defender, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983"), *aff'd*, 548 F. App'x 86 (4th Cir. 2013); *White v. Savage*, No. CIV.A. 2022013-23, 2002 WL 32078922, at *1 (D.S.C. July 30, 2002), *aff'd,* 50 F. App'x 641 (4th Cir. 2002) (citing *Daniels v. Williams,* 474 U.S. 327, 328–336 & n. 3 (1986) ("The Magistrate Judge correctly concluded that Plaintiff's claims of negligence and malpractice are not actionable under § 1983.")).

'person' who may be held liable under § 1983"), *Report adopted by* 2013 WL 81055 (D.S.C. Jan. 7, 2013); *Logan v. Smith & Wesson Corp.*, No. 617-cv-00063-TMC-KFM, 2017 WL 767028, at *2 (D.S.C. Feb. 2, 2017), *report adopted by* 2017 WL 749389 (D.S.C. Feb. 27, 2017) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) ("However, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution.")). Accordingly, these objections are overruled.

Plaintiff seems to contend that some Defendant have engaged in criminal acts. To the extent he seeks to pursue criminal charges, he cannot have this Court prosecute criminal charges against the defendant as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. "[T]he decision whether or not to prosecute, and what charge to file or bring ..., generally rests entirely [within the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

To the extent that Plaintiff intends to bring any state law claims against these defendants, these claims are actionable in this Court only if diversity jurisdiction is satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon*, LLC, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-

7

five thousand dollars ($75,000.00).  *See id.*; 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant.  *Central West Virginia Energy Co.*, 636 F.3d at 103.  Here, it appears that Plaintiff and at least some of the Defendants are domiciled in South Carolina.  *See* ECF No. 1 at 2, 13.  Thus, complete diversity is lacking, and this Court has no diversity jurisdiction over this action.  Further, as all claims over which this Court would have original jurisdiction are subject to dismissal, supplemental jurisdiction is inappropriate here.  *See* 28 U.S.C. § 1367(c)(3).

As noted above, Plaintiff takes issue with the portion of the Magistrate Judge's Report discussing that this case is duplicative of Plaintiff's other case.  As all Defendants are subject to dismissal as discussed above, it is unnecessary to find that this action is duplicative.  Accordingly, the Court does not reach this issue.

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge.  This action is **DISMISSED** without issuance and service of process and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 24, 2025
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.